**Paul L. EHORN, Plaintiff–Appellant,**

v.

**THE ABANDONED SHIPWRECK Known as the Rosinco, Her Tackle, Appurtenances Furnishings, and Cargo, Defendant,**

**and**

**State of Wisconsin, Intervening Defendant–Appellee.**

**Nos. 02–3852, 02–4234, 03–1290.**

United States Court of Appeals, Seventh Circuit.

Submitted June 7, 2004.

Decided June 9, 2004.

David J. Haywood, Lansing, MI, for Plaintiff–Appellant.

Paul L. Barnett, Peggy A. Lautenschlager, Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, for Intervenor–Appellee.

Before EASTERBROOK, ROVNER, and EVANS, Circuit Judges.

Order

On remand after *Ehorn v. Sunken vessel known as the "Rosinco,"* 294 F.3d 856 (7th Cir.2002), the state at last received proper notice of Ehorn's claim. It responded that the vessel had been listed on the National Register of Historic Places and thus belongs to the state under 43 U.S.C. § 2105(a)(3). The district court agreed and entered judgment in Wisconsin's favor.

Ehorn does not deny that this is an accurate application of the statute. Instead he insists that giving the state the benefit of the 2001 inclusion violates the due process clause, because its initial response to Ehorn's claim preceded the listing. This argument is hard to follow. As we have already held, the state was not properly served. It did not have to respond (and did not properly respond) until after our decision in 2002, and by then the Rosinco had been listed. Moreover, litigants may freely amend their pleadings to reflect new developments.

Timing is at all events irrelevant, as there has been no retroactive change in the law. All that was required was an accurate application of a federal statute to the facts as they stood at the time of decision. Ehorn has no property right to the outcome that would have been appropriate when the case began (before the

listing); the property right depends on the judgment, which came after the listing. Only then are rights fixed. See *Plaut v. Spendthrift Farm, Inc.,* 514 U.S. 211, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995). It is not as if the federal government "took" Ehorn's property by listing the Rosinco; Ehorn had no property right in the vessel itself unless the court should conclude that his claim, as finder, was superior to the rights of other claimants. Anyway, any taking was by the national government, and the right forum for a contest (and request for compensation) is the Court of Federal Claims.

As the district court correctly applied the law to the facts established at the time of decision, its judgment is affirmed.